### W. A. HILDEBRAND V. WALTER A. WOOD MOWING AND REAPING MACHINE COMPANY.

#### No. 1279.

1. **Jurisdiction—Amount in Controversy.**—In a suit to cancel notes, the amount in controversy was noted on the justice's docket at $190, but the judgment cancelling the notes recited that they provided for 10 per cent attorney's fees. If the notes contained such stipulation, no evidence of it was otherwise shown in the record. *Held*, that a motion in the County Court to dismiss the appeal for want of jurisdiction below, in the absence of pleading and proof showing more than the $190 involved, should have been overruled.

2. **Same—Attorney's Fees in Note.**—In an action to cancel notes before their maturity, it seems that the attorney's fees stipulated therein are not part of the amount in controversy, the contingency of default not having then arisen.

APPEAL from the County Court of Wilbarger. Tried below before HON. J. P. ORR.

*Lucky & Berry*, for appellant.—1. The notes that the suit grew out of stipulate, "and if collected by suit or by attorney 10 per cent upon the whole amount then due shall be added to the amount of this note and be collected as attorney's fees." This is a conditional contract, with a condition precedent which must happen before that part of the contract is in force and effect, and before the attorney's fees can be treated as a part of the note.

2. In this case no default whatever had been made, because the suit was brought before the notes became due, and there could be no default before they were due. 63 Texas, 274; 66 Texas, 258.

*Newton H. Lassiter* and *Thompson & Torry*, for appellee.—1. There is nothing in the record showing that the conditions precedent as to attorney's fees (if such they were) were not complied with. The attorney's fees stipulated in a note are a part of the contract, and must be considered in estimating the amount in controversy. King v. Robinson, 2 Willson's C. C., sec. 556; Blankenship v. Wartelsky, 6 S. W. Rep., 140; Stansell v. Cleveland, 64 Texas, 660–666.

2. Want of jurisdiction of subject matter is fatal whether pleaded or not, and will arrest a cause at any stage of the proceedings. Erwin v. City of Austin, 1 W. & W. C. C., sec. 1038; Able v. Bloomfield, 6 Texas, 263; Railway v. McGlasson, 1 W. & W. C. C., sec. 1119; Newman v. McCullum, 1 W. & W. C. C., sec. 273.

STEPHENS, ASSOCIATE JUSTICE.—At the institution of this suit in the Justice Court, appellant filed a written petition, in which, after alleging a rescission on his part of a sale of certain farm machinery, he prayed the cancellation of the promissory notes which he had executed and delivered to appellee for the purchase price of such machinery.

He prevailed before the justice of the peace, but on appeal in the County Court his suit was dismissed upon motion of his adversary, on the ground that the amount in controversy in the Justice Court exceeded $200. In this we think the County Court erred.

The petition originally filed, which seems to have been the only pleading on the part of plaintiff below, placed the amount in controversy at $190, and so the amount was noted on the justice's docket. The judgment entry, however, in cancelling the notes, recited *inter alia* that they provided for 10 per cent attorney's fees, if collected by suit; but if the notes contained such a clause, no evidence of the fact is found in the petition or elsewhere in the record.

We think the motion should have been determined by the case made by the plaintiff, in the absence of pleading and proof to the contrary. When thus determined, it should have been overruled.

We do not wish to be understood, however, as intimating that the Justice Court would have been without jurisdiction had it been alleged and proven that the notes contained the usual stipulation for 10 per cent attorney's fees. When the suit was brought the notes had not matured, and the stipulation for attorney's fees depended upon a contingency which had not then arisen. The object of the suit was to avoid the payment of the purchase price of the machinery as represented in the principal of the notes, and not to challenge the sufficiency of the additional stipulation for attorney's fees.

The case is hardly analogous to those relied on by appellee, where the attorney's fee clause is expressly declared on, and the amount thereof claimed as a part of the recovery sought.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

Delivered September 19, 1894.